IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>BENJAMIN SCOTT HINEMAN,<br><br>Defendant. | CR 14–03–M–DLC<br><br><br><br>ORDER |

Before the Court is Defendant Benjamin Scott Hineman's Motion for Early Termination of Supervision. (Doc. 30.) On April 22, 2014, Mr. Hineman was adjudged guilty of one count of conspiracy to distribute cocaine, in violation of 21 U.S.C. § 846. (Doc. 17.) On July 31, 2014, Mr. Hineman was sentenced to imprisonment for 60 months and 5 years of supervised release. (Doc. 24.) Mr. Hineman now seeks termination of the remaining term of supervised release. United States Probation Officer Evin Hansen states that Mr. Hineman "is a great candidate for early termination[,]" and the United States "defers to the discretion of the Court" and did not file an opposition to Mr. Hineman's motion. (Doc. 30 at 2.)

Under federal law, this Court may:

> after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) . . . terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to

1

    the modification of probation, [1] if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

18 U.S.C. § 3583(e)(1).

This expansive phrasing makes clear that this Court "enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014). Mr. Hineman began his five-year term of supervised release on November 11, 2017 (Doc. 31 at 2), rendering him statutorily eligible for the premature termination of his remaining term of supervised release. Accordingly, the Court will consider the pertinent factors.

These include, but are not limited to: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant;" (2) "the need for the sentence imposed . . . to afford adequate deterrence to criminal conduct [and] to protect the public from further crimes of the defendant;" (3) the applicable sentencing guidelines; (4) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar

---

[1] The Federal Rules of Criminal Procedure generally obligate this Court to hold a hearing prior to modifying the conditions of Mr. Hineman's supervised release. Fed. R. Crim. P. 32.1(c). Such a hearing is not necessary, however, if Mr. Hineman waives it, or if the proposed modification is favorable to him and the United States does not object. The premature termination of Mr. Hineman's supervised release is obviously favorable to him, and the United States had a reasonable opportunity to object and did not do so. (Doc. 30.) Accordingly, the Court will dispose of this matter without a hearing.

conduct;" and (5) "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a). This Court need not discuss every factor, but the record must sufficiently establish that the Court fulfilled its "duty to explain its sentencing decisions" which extends to the early termination of supervised release context. *Emmett*, 749 F.3d at 820–21.

The Court finds that consideration of the foregoing factors supports the early termination of Mr. Hineman's remaining term of supervised release. The record is devoid of any evidence indicating that Mr. Hineman has ever failed to comply with the conditions of his supervised release while serving more than 75% of his term. (Doc. 31 at 3, 5.) Moreover, Mr. Hineman has established that he has fully reintegrated into the community by maintaining his sobriety and working his way from an entry-level position to a foreman position at a stable job. (*Id.* at 9–11; Doc. 32-1; Doc. 32-2; Doc. 32-3; Doc. 32-4.) He has further demonstrated his commitment to remaining a law-abiding citizen to support his family as a new father, and he has remarkable community support from his family and employer. (*Id.*) The Court agrees that "Mr. Hineman is, by any measure, a supervised release success story" and finds that Mr. Hineman's characteristics and history, the need to afford adequate deterrence and protect the public, and the interests of justice all support early termination in this matter. (Doc. 31 at 11.) The Court wishes Mr. Hineman the best of luck.

Accordingly, IT IS ORDERED that the motion (Doc. 30) is GRANTED.

IT IS FURTHER ORDERED that Mr. Hineman's remaining term of supervised release is TERMINATED as of the date of this Order. The Clerk of Court is directed to notify the United States Probation Office of the making of this Order.

DATED this 2nd day of November, 2021.

*[signature: Dana L. Christensen]*

Dana L. Christensen, District Judge
United States District Court